**In Re: Matthew GREEN, Petitioner.**

**No. 00–12283.**

United States Court of Appeals, Eleventh Circuit.

June 5, 2000.

Matthew Green, Marianna, FL, pro se.

Janet King, Amy Levin Weil, Atlanta, GA, for U.S.

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

BY THE COURT:

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner Matthew Green ("Green") has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence.

In 1992, Green pleaded guilty to possession with intent to distribute cocaine base and the district court sentenced him to the federal penitentiary. In 1997, after this court affirmed his direct appeal, Green filed his first § 2255 motion alleging, among other things, that the Supreme Court's decision in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), invalidated his 18 U.S.C. § 924(c) firearms conviction. The district court granted the motion with respect to the *Bailey* claim and denied the motion

with respect to all other claims. Green appealed, but this court refused to issue a certificate of appealability. The district court then held a re-sentencing hearing and entered an amended judgment.

In February 2000, Green filed a second § 2255 motion. The motion alleges that counsel rendered ineffective assistance at re-sentencing for two reasons: (1) counsel failed to argue that Green should not be sentenced under the schedule for cocaine base because the government had not sufficiently proven that the substance was "cocaine base" as defined in Amendment 487, and (2) counsel failed to argue that the court erred in enhancing his sentence based on a prior conviction. The district court found that this motion constituted a "second or successive" motion under § 2255 because Green's claims concerned the same conviction that was attacked in his first § 2255 motion. Therefore, the court concluded, it had no jurisdiction to entertain the motion. Rather than dismiss the motion, the court transferred the case to this court pursuant to 28 U.S.C. § 1631. *See Liriano v. United States*, 95 F.3d 119, 122–23 (2nd Cir.1996). This court's clerk then directed Green to file this application for leave to file a second or successive § 2255 motion.

Green's § 2255 motion only attacks his amended sentence which the district court entered after it vacated his original sentence, following a successful pursuit of a § 2255 motion. Because Green attacks the constitutionality of his re-sentencing proceeding only, and not the validity of his conviction, we hold this § 2255 motion is not "second or successive." *See Walker v. Roth*, 133 F.3d 454, 455 (7th Cir.1997). Green obviously could not challenge his counsel's effectiveness at re-sentencing at the time he filed his first § 2255 motion. Green's application to file a successive § 2255 motion is unnecessary because his second § 2255 motion attacks for the first time a sentence that was not yet imposed at the time of his first § 2255 motion. *See Walker*, 133 F.3d at 455. Therefore we

deny Green's application for permission to file a successive § 2255 motion as unnecessary. The § 2255 motion is transferred back to the district court, and the district court is instructed to accept the motion as filed on the date it was originally filed with the district court.

APPLICATION DENIED; MOTION TRANSFERRED.