[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 29, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11710
Non-Argument Calendar

_____

D. C. Docket Nos.
03-20882-CV-WMH
90-00950-CR-WMH

NELSON MANTECON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 29, 2005)

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Nelson Mantecon-Zayas, a federal prisoner, appeals pro se the district court's sua sponte dismissal of his motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255, as an unauthorized second or successive § 2255 motion. Because Mantecon filed this appeal after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-32, 110 Stat. 1214 (1996), it is governed by the AEDPA's provisions. Mantecon argues on appeal that the district court erred in construing his § 2255 motion as an unauthorized second or successive § 2255 motion. For the reasons set forth more fully below, we vacate and remand for further proceedings.

Mantecon filed the instant pro se § 2255 motion, arguing that his appellate counsel provided ineffective assistance of counsel either by abandoning, or by failing to pursue, certain issues on appeal. In a supporting memorandum, Mantecon set forth the following procedural history. In 1993, Mantecon was convicted, along with multiple codefendants, of committing various drug offenses. Mantecon was sentenced to 300 months' imprisonment, and he directly appealed (Appeal No. 93-4109). In 1994, however, Mantecon requested that we stay this appeal so he could join his codefendants in seeking a new trial, pursuant to

Fed.R.Crim.P. 33.[1]  After the district court denied Mantecon's Rule 33 motion, he also appealed that decision (Appeal No. 95-4075).

In 1995, again while Mantecon's appeals were pending in this Court, he filed a motion to modify his sentence, pursuant to 18 U.S.C. § 3582(c)(2).[2]  We stayed appellate proceedings in Appeal Nos. 93-4109 and 95-4075, pending the district court's ruling on Mantecon's § 3582(c)(2) motion.  In 1997, the district court granted Mantecon's § 3582(c)(2) motion in part, and it ordered that his sentence be reduced to 240 months' imprisonment.  After apparently realizing that the district court lacked jurisdiction to enter this order because of his pending appeals, Mantecon moved this Court to remand his case for resentencing.  In April 1997, after concluding that the district court had acted without jurisdiction when it partially granted Mantecon's § 3582(c)(2) motion, we remanded in Appeal No. 93-4109.  On remand, the district court again (1) partially granted Mantecon's § 3582(c)(2) motion, and (2) resentenced him to 240 months' imprisonment.

---

[1]  Rule 33 provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  See Fed.R.Crim.P. 33(a).

[2]  Section 3582(c)(2) provides that, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . .  the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  See 18 U.S.C. § 3582(c)(2).

Mantecon then filed in the district court a motion for a downward departure, pursuant to U.S.S.G. § 5K2.0.  In November 1999, we (1) remanded Mantecon's case for the district court to consider his § 5K2.0 motion, and (2) stayed his other appeals.  In February 2001, after conducting an evidentiary hearing, the district court denied Mantecon's § 5K2.0 motion, and Mantecon appealed this decision, as well as the district court's partial denial of his § 3582(c)(2) motion (Appeal No. 98-4715).  That same month, Mantecon also filed in the district court a counseled motion seeking § 2255 relief, pursuant to Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[3]  Within a matter of days, however, Mantecon moved to amend this § 2255 motion to reflect that he, instead, was seeking relief pursuant to 18 U.S.C. § 3742(a),[4] and that he was seeking to dismiss his § 2255 motion.

In orders entered in June and July 2002, the district court denied this re-characterized pleading, explaining both that (1) Mantecon had withdrawn it, and

---

[3]  In Apprendi, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  See Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362-63.

[4]  Section 3742(a) provides the grounds on which a defendant may rely in filing a notice of appeal in the district court "for review of an otherwise final sentence."  See 18 U.S.C. § 3742(a).

(2) his sentence did not violate Apprendi.[5]  Moreover, on January 16, 2002, we

rejected Mantecon's appellate arguments in Appeal Nos. 95-4075 and 98-4715.  In

July 2002, after we denied Mantecon's motion to recall the mandates in these

appeals, as well as the mandate in Appeal No. 93-4109, and we denied his motion

for reconsideration, he filed an untimely petition for a writ of certiorari in the

Supreme Court.  The Supreme Court denied certiorari on November 18, 2002.

Mantecon filed, by placing in the prison mail, the instant § 2255 motion on April 9,

2003.

Without waiting for a response from the government, the magistrate judge

issued a report and recommendation, recommending that the district court sua

sponte dismiss this § 2255 motion as an unauthorized second or successive

petition.  The magistrate explained that, because Mantecon had filed a purported

§ 2255 motion in February 2001, the AEDPA required him to obtain our

permission before filing the instant § 2255 motion.  Alternatively, the magistrate

summarily determined that the instant § 2255 motion, on its face, was time-barred.

Mantecon objected to this recommendation, arguing that, although his counsel had

filed a § 2255 motion in 2001, he subsequently had clarified that he was relying on

---

[5] As the government notes, the district court's orders denying Mantecon's § 3742 motion and granting a COA, refer to a Rule 60(b) motion that Mantecon's codefendant filed on February 27, 2002.  However, because Mantecon was not a party to the Rule 60(b) motion, it is irrelevant for our consideration.

§ 3742, and he had withdrawn the motion. Mantecon also contended that the instant § 2255 motion, which he filed on April 9, 2003, was timely filed before his one-year limitation period for filing a § 2255 motion expired on April 16, 2003.

On July 1, 2003, the district court summarily dismissed Mantecon's § 2255 motion as an unauthorized second or successive § 2255 motion. On July 8, 2003, Mantecon filed a pleading labeled as a "Rule 60(b) Motion for Relief from Order," again arguing that he had not previously pursued a § 2255 motion. On January 28, 2005, the district court denied this motion.

On March 23, 2005, Mantecon filed a notice of appeal ("NOA") from the district court's orders (1) dismissing his § 2255 motion, and (2) denying his post-judgment motion. Mantecon also filed an application for a certificate of appealability ("COA"), seeking leave to argue: (1) "[w]hether counsel's erroneous caption of a previous motion as a § 2255 (CR-DE#778) which counsel corrected three days later to an 18 U.S.C. § 3742(a) motion (CR-DE#780) including voluntary dismissal of the § 2255 motion, can be construed by the district court as a prior § 2255 for the purposes of 28 U.S.C. § 2244(b)(3)"; and (2) "[w]hether the district court had denied Mantecon due process under the 5th Amendment by dismissing his collateral § 2255 motion." Without enumerating what issues Mantecon could argue on appeal, the district court granted him a COA.

6

Mantecon primarily argues on appeal that his trial and appellate counsel provided ineffective assistance of counsel, in violation of his rights under the Sixth Amendment. He, however, also generally contends that the district court erred in sua sponte dismissing his § 2255 motion because the court mis-characterized it as a second or successive § 2255 motion. Moreover, Mantecon argues for the first time in reply that we should order the district court to conduct an evidentiary hearing.[6]

As a preliminary matter, although neither party contests appellate jurisdiction, we are "obligated to raise questions concerning our subject matter jurisdiction sua sponte in all cases." See Boone v. Sec'y, Dep't of Corr., 377 F.3d 1315, 1316 (11th Cir. 2004). The time a party has to appeal from the entry of an order or judgment in a civil case in which the government is a party is 60 days. Fed.R.App.P. 4(a)(1)(B). After the district court dismissed Mantecon's § 2255 motion on July 1, 2003, Mantecon did not file an NOA until March 23, 2005. Thus, Mantecon's NOA to challenge the § 2255 dismissal is untimely unless that time was tolled.

---

[6] Because Mantecon first raised this argument for the first time in his reply brief, we conclude that he has abandoned it. See United States v. Smith, 416 F.3d 1350, 1352 n.1 (11th Cir.) (explaining that the prudential rule of declining to consider issues not timely raised in a party's initial brief is "well-established" in this Circuit), petition for cert. filed, (U.S. Oct. 14, 2005) (No. 05-7283). Regardless, on remand, the district court should decide in the first instance if an evidentiary hearing is necessary. See Lynn v. United States, 365 F.3d 1225, 1239 (11th Cir.) (explaining that "a petitioner is not entitled to an evidentiary hearing . . . when his claims are merely conclusory allegations unsupported by specifics . . .." (quotation omitted) (emphasis in original)), cert. denied, 125 S.Ct. 167 (2004).

7

Mantecon, in fact, filed a motion challenging this dismissal of the instant § 2255 motion within ten days of the court's entry of this order. Thus, regardless of how Mantecon labeled this motion, its filing tolled the time Mantecon had for filing an NOA from the dismissal order until January 28, 2005, when the district court issued its order denying post-judgment relief. See Jackson v. Crosby, 375 F.3d 1291, 1295 (11th Cir. 2004) (pursuant to Fed.R.App.P. 4(a)(4)(A), a timely motion under Fed.R.Civ.P. 59(e) automatically tolls the time for filing an NOA, so that is begins to run from the date of the order denying the motion); see also Finch v. City of Vernon, 845 F.2d 256, 258-59 (11th Cir. 1988) (holding that a motion that is filed within ten business days of the entry of judgment and that asks for reconsideration of matters encompassed in the judgment should be treated as a Rule 59(e) motion, however the motion is styled). Mantecon, therefore, timely filed his NOA on March 23, 2005, and we have jurisdiction to review the district court's order dismissing his § 2255 motion.

Also, as a preliminary matter concerning the district court's issuance of a COA to Mantecon, a court issuing a COA must "indicate which specific issue or issues," if any, warrant a COA. 28 U.S.C. § 2253(c)(3). Indeed, appellate review normally is limited to the issues specified in the COA. Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998). Nevertheless, we "will construe the

8

issue specification in light of the pleadings and other parts of the record." Id. at 1251. Moreover, when a district court fails to enumerate specific issues for appeal, we have the discretion to "either remand to the district court with instructions to enumerate the issues, or [] rule which issues raised by the petitioner warrant a COA." Putnam v. Head, 268 F.3d 1223, 1227-28 (11th Cir. 2001). Thus, although the district court here did not enumerate in its COA order what issue(s) Mantecon could raise on appeal, we conclude that (1) review is warranted on the first issue Mantecon identified in his application for a COA, that is, whether the court erred in concluding that his § 2255 motion was second or successive; and (2) remand of that issue will render Mantecon's second constitutional claim moot.

We review de novo the district court's dismissal of a 28 U.S.C. § 2255 motion as second or successive. McIver v. United States, 307 F.3d 1327, 1329 (11th Cir. 2002). A federal prisoner may file a § 2255 motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The AEDPA, however, provides that, to file a second or successive § 2255 motion, the movant must file an application with the appropriate court of appeals for an order authorizing the

9

district court to consider it.  28 U.S.C. § 2244(b)(3)(A).  If the petitioner has not obtained our authorization under § 2244(b)(3)(A), a district court lacks jurisdiction to consider a second or successive petition.  Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (citation omitted).

The AEDPA does not define "second or successive."  See generally 28 U.S.C. § 2255.  The Supreme Court, however, has recognized that some types of collateral challenges do not render subsequent petitions or motions "second or successive."  See Slack v. McDaniel, 529 U.S. 473, 486-87, 120 S.Ct. 1595, 1605, 146 L.Ed.2d 542 (2000) (holding that the dismissal of a petitioner's claims under 28 U.S.C. § 2254, for failure to exhaust his state remedies, should not render a subsequent petition "second or successive").[7]  Citing to Slack, we concluded in McIver that a motion under § 2255 is not "second or successive" for purposes of the AEDPA when the petitioner's previous § 2255 motion was granted solely to afford him the opportunity to file a direct criminal appeal.  See McIver, 307 F.3d at 1332.  In In re Green, 215 F.3d 1195 (11th Cir. 2000), we also concluded that a petitioner's § 2255 motion challenging the petitioner's amended sentence that the

_____

[7] Although the Supreme Court in Slack determined that the appeal was governed by pre-AEDPA law, it clarified that it was "not suggesting the definition of second or successive would be different under [the] AEDPA."  See Slack, 529 U.S. at 486, 120 S.Ct. at 1605.  Moreover, the Slack Court cited in support to Stewart v. Martinez-Villareal, 523 U.S. 637, 643-44, 118 S.Ct. 1618, 1621, 140 L.Ed.2d 849 (1998), in which the Supreme Court reached a similar conclusion applying the AEDPA to a § 2254 claim that originally had been dismissed as premature.  See Slack, 529 U.S. at 486-87, 120 S.Ct. at 1605.

court entered after it vacated his original sentence, which followed the district court's grant of an earlier § 2255 motion, was not "second or successive" for purposes of the AEDPA. See id. at 1195-96.

In February 2001, Mantecon filed in the district court a motion seeking § 2255 relief based on the Supreme Court's decision in Apprendi. Within a matter of days, however, Mantecon moved to amend this § 2255 motion to reflect that he only was seeking relief pursuant to 18 U.S.C. § 3742(a), along with moving the court to voluntarily dismiss his § 2255 motion. In denying this motion, the district court noted, at least in part, that Mantecon had moved to withdraw it. Moreover, as the government notes on appeal, to the extent Mantecon also was attempting to re-characterize this motion as a § 3742(a) motion, the district court lacked jurisdiction to decide it on the merits. See 18 U.S.C. § 3742(a). Thus, the district court should have dismissed Mantecon's February 2001 pleading, instead of denying it. We, therefore, conclude that Mantecon's February 2001 pleading was not a previous § 2255 motion for purposes of the AEDPA, and that the district court erred in sua sponte dismissing the instant § 2255 motion as unauthorized.[8]

---

[8] In Castro v. United States, 540 U.S. 375, 382-83, 124 S.Ct. 786, 792, 157 L.Ed.2d 778 (2003), the Supreme Court held that, when a district court treats as a request for collateral relief under § 2255 a motion that a pro se federal prisoner has labeled differently, "the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."

11

Finally, to the extent that the district court relied on the magistrate's alternative recommendation to dismiss the instant § 2255 motion as time-barred, and Mantecon would not benefit by the remand of a time-barred § 2255 motion, we review de novo a district court's determination as to timeliness. See Jones v. United States, 304 F.3d 1035, 1037 (11th Cir. 2002). The AEDPA established a one-year statute of limitations applicable to § 2255 motions, which begins to run from, among other dates, "the date on which the judgment of conviction becomes final." See 28 U.S.C. § 2255. If a federal prisoner does not file a timely petition for a writ of certiorari after the disposition of his direct appeal, such as here, his conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is 90 days after the entry of judgment on direct appeal. See Clay v. United States, 537 U.S. 522, 532, 123 S.Ct. 1072, 1079, 155 L.Ed.2d 88 (2003). Because Mantecon's time for filing a certiorari petition expired on April 16, 2002, 90 days after we entered our opinion denying his direct appeals, and he filed by placing in the prison mail the instant § 2255 motion on April 9, 2003, this § 2255 motion, at least on its face, was timely filed.

---

This holding, however, is not applicable in the instant case because Mantecon was not proceeding pro se, and he, instead of the district court, originally characterized his pleading as a § 2255 motion.

Accordingly, we conclude that the district court erred in <u>sua sponte</u> dismissing the instant § 2255 motion as an unauthorized second or successive § 2255. We, therefore, vacate and remand for the district court to review in the first instance Mantecon's § 2255 motion.[9]

**VACATED AND REMANDED.**

---

[9] To the extent Mantecon has indicated in his brief on appeal that he wishes to expand the scope of his § 2255 motion to include challenges to his trial counsel's representation, on remand, he first will need to amend his § 2255 motion. <u>See</u> <u>Wagner v. Daewoo Heavy Industries America Corp.</u>, 314 F.3d 541, 542 (11th Cir. 2002) (<u>en banc</u>) (concluding in the non-habeas context that, at least when a party is proceeding with counsel, "[a] district court is not required to grant a plaintiff leave to amend his complaint <u>sua sponte</u> when the plaintiff . . . never filed a motion to amend nor requested leave to amend before the district court").