[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13431
Non-Argument Calendar

_____

D. C. Docket No. 06-14068-CV-DLG

JOSEPH O. MCCALLUM,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
James R. McDonough,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 14, 2007)

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Joseph O. McCallum, a Florida prisoner proceeding pro se, appeals the dismissal of his federal habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, as "second or successive." After review, we affirm.

## I. BACKGROUND

In 1990, in the Florida state court, McCallum pled guilty to second-degree murder with a firearm, two counts of armed burglary, and grand theft and received concurrent 60-year sentences.

McCallum filed a Florida Rule of Criminal Procedure 3.800(a) motion alleging, inter alia, that his sentence for second-degree murder exceeded the statutory maximum sentence. In March 1994, the state court denied this motion.

In 1997, McCallum filed his initial § 2254 petition in which he alleged, inter alia, that his 60-year sentence for second-degree murder exceeded the statutory maximum. The district court denied this initial § 2254 petition on the merits and McCallum's motion for a certificate of appealability ("COA").

McCallum subsequently filed a motion for clarification of judgment and sentence in state court. In October 2000, the state court granted the motion as to his second-degree murder sentence and ordered that an amended judgment and sentence be entered that reduced his sentence for second-degree murder from 60 years' imprisonment to 40 years. The state court noted, however, that the sentence

2

for second-degree murder still would run concurrent with his two 60-year sentences for the armed burglary counts.

In March 2006, McCallum filed the instant § 2254 petition in the district court. McCallum alleged that his plea was involuntary because (1) he would not have pled to a sentence that exceeded the statutory maximum for the second-degree murder count, and (2) he would not have pled to 60-year sentences for the armed burglary counts if his counsel had advised him that he could be sentenced to no more than 40 years' imprisonment on the second-degree murder count. The magistrate judge's report and recommendation ("R & R") recommended that McCallum's present § 2254 petition be dismissed as second or successive because McCallum had filed a prior § 2254 petition.[1] The district court dismissed McCallum's present § 2254 petition based on his failure to obtain prior authorization from this Court as required by 28 U.S.C. § 2244(b)(3)(A).

McCallum then filed a motion for a COA in the district court. The magistrate judge's R & R recommended that the district court grant McCallum a COA on the issue of whether McCallum should "be granted leave to file a successive petition." The district court granted McCallum a COA on the ground

---

[1]The R & R also concluded that McCallum's § 2254 petition was untimely. Because the COA is limited to the issue of whether McCallum's § 2254 petition was second or successive, we decline to address this issue.

3

stated in the R & R. After the State moved to dismiss this appeal, we denied the State's motion and construed the district court's COA as including the issue of whether McCallum's "habeas corpus petition was a 'second or successive' petition requiring authorization from this Court pursuant to 28 U.S.C. § 2244(b)(3)."[2] See McCallum v. Sec'y for the Dep't of Corr., No. 06-13431 (11th Cir. Oct. 18, 2006) (order denying motion to dismiss).

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that has not been previously authorized by an

---

[2]In the event the district court's COA still encompasses the question of whether McCallum should be granted leave to file a second or successive habeas corpus petition, we note that applications for such leave must be filed in the appellate court, not the district court. 28 U.S.C. § 2244(b)(3)(A). Indeed, we previously denied an application from McCallum in 2005 seeking leave under § 2244(b)(3)(A) to raise an identical claim to the claim raised in his present 28 U.S.C. § 2254 petition. In re McCallum, No. 05-15706 (11th Cir. 2005). However, if McCallum's present § 2254 petition was not a second or successive habeas corpus petition, then § 2244(b)(3)(A) was not required. Thus, our opinion addresses only whether McCallum's present § 2254 petition is truly a "second or successive" habeas corpus petition.

appellate court.  Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997).[3]

Because "[t]he phrase 'second or successive' is not self-defining," its meaning is derived from judicial interpretation in decisions that both predate and postdate the AEDPA.  Panetti v. Quarterman, 551 U.S. __, __, 127 S. Ct. 2842, 2853 (2007).  The Supreme Court "has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application."  Id.  A habeas corpus petition is not subject to the restrictions against "second or successive" petitions if it "attacks the constitutionality of [the] re-sentencing proceeding only, and not the validity of [the] conviction."  In re Green, 215 F.3d 1195, 1196 (11th Cir. 2000); see also Hepburn v. Moore, 215 F.3d 1208, 1209 (11th Cir. 2000) (commenting in a case applying the AEDPA limitation period that "[e]very circuit that has addressed the issue has agreed that, under the AEDPA, when new claims originate at resentencing, those claims may be brought in a subsequent habeas petition without the necessity of obtaining permission from the circuit court before filing the petition").

_____

[3]We review de novo the district court's dismissal of a habeas corpus petition as "second or successive."  McIver v. United States, 307 F.3d 1327, 1329 (11th Cir. 2002) (reviewing a federal prisoner's motion to vacate, set aside, or correct a sentence, pursuant to 28 U.S.C. § 2255).  The statutory language which permits a state prisoner to file a "second or successive" petition is "materially identical" to that which permits a federal prisoner to file a "second or successive" motion to vacate a sentence.  In re Dean, 341 F.3d 1247, 1249 n.4 (11th Cir. 2003).

5

McCallum's present § 2254 petition claims that his guilty plea was involuntary and seeks to withdraw his plea. Thus, McCallum's present § 2254 petition is a "second or successive" habeas corpus petition because it attacks the validity of his convictions, not his resentencing on the second-degree murder count. See In re Green, 215 F.3d at 1196.

McCallum argues that his convictions claim in his present § 2254 petition "originates" at his resentencing on the second-degree murder count because he did not realize that his plea was based on faulty advice from his trial counsel until 2000 when the state court declared that his second-degree murder sentence exceeded the statutory maximum and resentenced him. The problem for McCallum is that he clearly was aware, before resentencing, of the claims that his murder sentence exceeded the statutory maximum and, that, thus, his guilty plea was involuntary. As early as 1994, McCallum argued in state court that his second-degree murder sentence exceeded the statutory maximum and raised this claim again in his initial § 2254 petition in 1997. Because, before any resentencing, McCallum was aware of the argument that his 60-year second-degree murder sentence exceeded the statutory maximum of 40 years, he also was aware of the derivative argument that his plea was involuntary because his counsel provided him with erroneous sentencing advice about that statutory maximum. The fact that the premise of

McCallum's argument that his plea was involuntary - his second-degree murder sentence exceeded the statutory maximum - was not validated until his resentencing in 2000 does not mean that the argument itself only "originated" at resentencing.[4]

Accordingly, because McCallum's present § 2254 petition attacks the validity of his convictions, and not his resentencing, the district court properly dismissed his present § 2254 petition as "second or successive."

**AFFIRMED.**

---

[4]We need not, and do not, decide whether a habeas corpus petition is "second or successive" when it raises a claim the existence of which the petitioner was not aware until resentencing.