[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 13, 2009
THOMAS K. KAHN
CLERK

No. 08-10471
Non-Argument Calendar
_____

D. C. Docket No. 07-23034-CV-FAM

VRAIN SCOTT,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
Walter A. McNeil, Secretary,
ATTORNEY GENERAL OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 13, 2009)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Vrain Scott appeals the dismissal of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. The district court concluded that the petition was untimely and successive to a petition denied on the merits in 2000, and we granted a certificate of appealability to address that ruling. Because Scott's petition challenges his conviction and sentence entered in 2004, his petition is neither successive nor untimely. We vacate the order that dismissed Scott's petition and remand for further proceedings.

## I. BACKGROUND

Scott was convicted of armed robbery in 1995 in a Florida court, and a state appellate court affirmed his conviction and sentence. See Scott v. State, ___ So. 2d ___, No. 3D08-1407 (Fla. Dist. Ct. App. Nov. 19, 2008). Scott later filed in a Florida court a motion for postconviction relief that alleged ineffective assistance of counsel. See Fla. R. Crim. P. 3.850. The trial court denied the motion, and Scott did not appeal. Scott filed a federal petition for a writ of habeas corpus in 2000 and again alleged ineffective assistance of trial counsel. The district court denied the petition, and we denied Scott's request for a certificate of appealability.

In 2003, Scott filed a motion for postconviction relief in a Florida court. He argued that the robbery statute under which he was convicted violated the state constitution and his conviction and sentence did not conform to the jury's verdict.

2

The trial court granted the motion. The court adjudicated Scott guilty of robbery with a weapon and sentenced him to imprisonment for life. Scott appealed, but his appellate counsel found no reversible error in the record and filed a brief and motion to withdraw in compliance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). The state appellate court affirmed the conviction and sentence in July 2005 and later denied Scott's motion for rehearing. Scott v. State, 911 So. 2d 1249 (Fla. Dist. Ct. App. 2005). Scott challenged the judgment in a petition for a writ of habeas corpus, which an appellate court denied in December 2005. Scott v. State, 922 So. 2d 215 (Fla. Dist. Ct. App. 2005).

Scott filed another motion for postconviction relief in a Florida court in January 2006. Scott argued that his conviction and sentence for robbery with a weapon entered in 2004 violated his right to a jury trial under the Sixth Amendment, see Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and his trial counsel failed to preserve that argument for appellate review. The trial court denied the motion, and an appellate court affirmed in July 2007. Scott v. State, 963 So. 2d 718 (Fla. Dist. Ct. App. 2007). Scott filed a motion for rehearing, which the appellate court denied.

In October 2007, Scott filed a federal petition for a writ of habeas corpus that challenged his conviction and sentence entered in 2004. Scott again argued

3

that his conviction was unconstitutional and his counsel was ineffective. The district court dismissed the petition as successive and untimely.

## II. STANDARD OF REVIEW

We review de novo the dismissal of a habeas petition as untimely and successive. See Moore v. Crosby, 321 F.3d 1377, 1379 (11th Cir. 2003); McIver v. United States, 307 F.3d 1327, 1329 (11th Cir. 2002).

## III. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner may not file a second or successive petition for a writ of habeas corpus in the district court unless the prisoner has obtained permission from the court of appeals. 28 U.S.C. § 2244(b)(3)(A). A district court lacks jurisdiction to consider a second habeas petition that has not been permitted by an appellate court. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997). We have held that a second petition that raises issues about a resentencing is not successive if it "attacks the constitutionality of [the] re-sentencing proceeding only, and not the validity of [the earlier] conviction." In re Green, 215 F.3d 1195, 1196 (11th Cir. 2000). The petition may be filed in the district court without obtaining permission from this Court. Id.

Scott's petition is not successive because it challenges alleged errors in the

4

entry of his conviction and sentence in 2004, which occurred after Scott filed his first petition for a writ of habeas corpus. Scott was not required to obtain our permission to file this petition, and the Florida officials concede that his petition, if not successive, is timely.

We **VACATE** the order that dismissed Scott's petition for a writ of habeas corpus and **REMAND** for further proceedings.

**VACATED AND REMANDED.**