[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 23, 2009
THOMAS K. KAHN
CLERK

No. 07-12208

_____

D. C. Docket No. 97-00629-CV-MHT-WC

BILLY JOE MAGWOOD,

                                        Petitioner-Appellee,
                                        Cross-Appellant,

                        versus

GRANTT CULLIVER, Warden,
RICHARD F. ALLEN, Commissioner,
Alabama Departments of Corrections,
TROY KING, Attorney General of Alabama,

                                        Respondents-Appellants,
                                        Cross-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Alabama

_____

**(January 23, 2009)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

BLACK, Circuit Judge:

Grantt Culliver, Richard F. Allen and Troy King (the State) appeal the district court's partial grant of Alabama death-row inmate Billy Joe Magwood's 28 U.S.C. § 2254 habeas corpus petition on Magwood's fair-warning claim[1] and ineffective assistance of counsel based on the fair-warning claim. Magwood cross-appeals the partial denial of his petition, raising the multiple issues as discussed in section III. B. of this opinion. After review, we affirm in part and reverse in part and render judgment in favor of the State.

## I. BACKGROUND

*A. Factual background*

The facts of Magwood's offense are not in dispute. They are set forth in an opinion by the Alabama Court of Criminal Appeals, as follows:

> Thomas Weeks, a Coffee County Deputy Sheriff, testified he was employed as the county jailer on March 1, 1979, under Coffee County Sheriff Neil Grantham. The witness stated he observed [Magwood], whom he recognized as a former jail inmate, sitting in a car parked in Sheriff Grantham's parking space at approximately 6:45 a.m. Shortly before 7:00 a.m., he observed Sheriff Grantham drive up and park his vehicle. He got out of the automobile, walked to some garbage cans and deposited a trash bag, and then walked towards the jail door. [Magwood] got out of his automobile with something in his hand and met Sheriff Grantham at the rear of the car. At that point, Deputy Weeks heard three gunshots and saw Sheriff Grantham fall. The

---

[1] Magwood asserts his death sentence violated the fair-warning requirement of the due process clause because it was based on *Ex parte Kyzer*, 399 So. 2d 330 (Ala. 1981), which was decided after he committed his offense and retroactively applied to his case.

witness then turned back into the jail and obtained a gun. He observed [Magwood] get back into his car and saw that he held a pistol in his hand. He exchanged fire with [Magwood] as he drove away. Deputy Weeks then went over to where Sheriff Grantham lay on the ground and observed that the Sheriff's face was blue and that he appeared not to be breathing, having apparently been hit in the face and neck. Deputy Weeks stated he observed no one else in the area at the time the Sheriff was killed.

*Magwood v. State*, 426 So. 2d 918, 920 (Ala. Crim. App. 1982).

## B. Procedural background

Magwood murdered Sheriff Grantham on March 1, 1979. Magwood was convicted and sentenced to death for the murder on June 2, 1981. On direct appeal, the Alabama Court of Criminal Appeals and the Alabama Supreme Court affirmed Magwood's conviction and death sentence. *Magwood v. State*, 426 So. 2d 918 (Ala. Crim. App. 1982), *aff'd*, 426 So. 2d 929 (Ala. 1983). The United States Supreme Court denied Magwood's petition for writ of certiorari. *Magwood v. Alabama*, 462 U.S. 1124, 103 S. Ct. 3097 (1983).

On July 13, 1983, Magwood filed a petition for writ of error coram nobis in the Circuit Court of Coffee County. This petition was denied and on March 20, 1984, the Alabama Court of Criminal Appeals affirmed the denial of the coram nobis petition. *Magwood v. State*, 449 So. 2d 1267 (Ala. Crim. App. 1984). A

3

motion for out-of time appeal was denied by the Alabama Supreme Court on June 5, 1984. *Ex parte Magwood*, 453 So. 2d 1349 (Ala. 1984).

Magwood then filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in the United States District Court for the Middle District of Alabama. On March 26, 1985, the district court upheld Magwood's conviction but conditionally granted the writ as to the sentence, based on the failure of the sentencing court to find two mitigating circumstances. *Magwood v. Smith*, 608 F. Supp. 218 (M.D. Ala. 1985). This Court affirmed the district court's decision. *Magwood v. Smith*, 791 F.2d 1438 (11th Cir. 1986).

A resentencing hearing was conducted on September 17, 1986. On October 2, 1986, the Alabama trial court, after considering the additional mitigating circumstances as ordered by the federal district court, again sentenced Magwood to death. The Alabama Court of Criminal Appeals and the Alabama Supreme Court affirmed Magwood's resentencing. *Magwood v. State*, 548 So. 2d 512 (Ala. Crim. App.), *aff'd*, 548 So. 2d 516 (Ala. 1988). The United States Supreme Court denied Magwood's petition for writ of certiorari. *Magwood v. Alabama*, 493 U.S. 923, 110 S. Ct. 291 (1989).

Magwood filed an application in this Court for permission to file a second habeas corpus petition in the district court challenging his conviction, which we

denied. *In re Magwood*, 113 F.3d 1544, 1553 (11th Cir. 1997). Magwood filed a second habeas petition challenging his resentencing on April 23, 1997. The district court granted Magwood's habeas petition on his fair-warning claim and ineffective assistance of counsel based on the fair-warning claim and vacated Magwood's death sentence. The district court denied relief on all other claims. *Magwood v. Culliver*, 481 F. Supp. 2d 1262 (M.D. Ala. 2007).

The State appeals as of right the two issues on which the district court granted relief. The district court granted a certificate of appealability as to all of the issues Magwood cross-appeals.

## II. STANDARD OF REVIEW

Magwood filed this habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and AEDPA applies to this appeal. Under AEDPA, "[a] federal court may not grant a petition for a writ of habeas corpus to a state prisoner on any claim that has been adjudicated on the merits in state court unless the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court." *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). A federal court's

5

review is further restricted by 28 U.S.C. § 2254(e), which provides " a determination of a factual issue made by a State court shall be presumed to be correct" and places the burden on the petitioner to rebut the presumption of correctness "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III. ANALYSIS

### A. State's appeal

#### 1. Fair warning

The State asserts the district court erred when it granted relief on Magwood's claim that the retroactive application of the judicial rule in *Ex parte Kyzer*, 399 So. 2d 330 (Ala. 1981), deprived Magwood of due process of law because the claim is precluded under 28 U.S.C. § 2244(b) as successive.[2]

##### a. Alabama's death penalty statute and Ex parte Kyzer

A review of Alabama's death penalty laws at the time of Magwood's offense and *Ex parte Kyzer* will be helpful in the analysis of Magwood's fair-warning claim.

---

[2] The State also contends the district court erred in granting relief on Magwood's fair-warning claim because the claim is procedurally defaulted and is meritless. We do not address these contentions as we conclude Magwood's claim is successive.

### i. The 1975 Act

Magwood committed the crime on March 1, 1979. At that time, Alabama's death penalty statute provided in Alabama Code § 13-11-2(a)(5) (1975):

> (a) If the jury finds the defendant guilty, it shall fix the punishment at death when the defendant is charged by indictment with any of the following offenses and with aggravation, which must also be averred in the indictment, and which offenses so charged with said aggravation shall not include any lesser offenses:
>
> > (5) The murder of any police officer, sheriff, deputy, state trooper or peace officer of any kind, or prison or jail guard while such prison or jail guard is on duty or because of some official or job-related act or performance of such officer or guard.

Alabama Code § 13-11-4 (1975), entitled "Determination of sentence by court; court not bound by punishment fixed by jury" provided:

> Notwithstanding the fixing of the punishment at death by the jury, the court, after weighing the aggravating and mitigating circumstances, may refuse to accept the death penalty as fixed by the jury and sentence the defendant to life imprisonment without parole, which shall be served without parole; or the court, after weighing the aggravating and mitigating circumstances, and the fixing of the punishment at death by the jury, may accordingly sentence the defendant to death. If the court imposes a sentence of death, it shall set forth in writing as the basis for the sentence of death, findings of fact from the trial and the sentence hearing, which shall at least include the following:
>
> > (1) One or more of the aggravating circumstances enumerated in section 13-11-6, which it finds exists in the case and which it finds sufficient to support the sentence of death . . . .

Alabama Code § 13-11-6 (1975), did not have a corresponding aggravating circumstance to the crime for which Magwood was convicted, namely the murder of a law enforcement officer. Additionally, the resentencing court specifically found that Magwood's crime did not qualify him for any of the listed aggravating circumstances enumerated in Alabama Code § 13-11-6 (1975).

Thus, although Magwood's conviction under Alabama Code § 13-11-2(a)(5) (1975), forced the jury to fix the punishment at death, the judge could nonetheless sentence Magwood to life imprisonment without parole. Magwood asserts that under Alabama Code § 13-11-4 (1975), he should have been sentenced to life imprisonment, as § 13-11-4 (1975) requires there be an aggravating circumstance listed in § 13-11-6 (1975). Magwood did not have an aggravating circumstance listed in § 13-11-6 (1975), to correspond with his crime.

### ii. Beck v. Alabama

In *Beck v. Alabama*, 447 U.S. 625, 100 S. Ct. 2382 (1980), the United States Supreme Court found fault with the Alabama death penalty scheme because it failed to allow a jury in a capital case to consider lesser included, noncapital offenses. On remand, the Alabama Supreme Court determined the preclusion clause could be removed from the statute, allowing the Alabama rule on lesser included offenses in noncapital cases to apply to capital cases. *Beck v. State,* 396

8

So. 2d 645, 658-59 (Ala. 1980). The Alabama Supreme Court further decided the statute required jury participation in the sentencing process, and created the necessary procedures by adding an additional stage to the trial of a capital case. *Id.* at 659-62.[3]

### iii. Ex parte Kyzer

Kyzer was tried and convicted under Alabama's 1975 death penalty statute, § 13-11-2(a)(10), for first degree murder "wherein two or more human beings are intentionally killed by the defendant by one or a series of acts." *Ex parte Kyzer*, 399 So. 2d 330, 332 (Ala. 1981). The Alabama Supreme Court concluded there was an evidentiary basis for lesser included offense instructions in Kyzer's case, and thus reversed and remanded for a new trial to be conducted in conformance with *Beck*. *Id.* at 333.

However, based on the facts of Kyzer's case, the Alabama Supreme Court went on to address the issue of whether the death penalty would be an available option to the State if Kyzer was retried. Kyzer, like Magwood, was convicted of

---

[3] The jury first considers a defendant's guilt, not only with respect to the capital charge but also concerning those noncapital, lesser included offenses supported by the evidence. If the jury convicts the accused of a capital offense, the trial proceeds to a second stage consisting of a sentence hearing during which the jury hears any evidence of aggravating and mitigating circumstances. If the jury is unable to unanimously agree on a death sentence, the judge sentences the accused to life imprisonment without parole. If the jury imposes a death sentence, the judge conducts a sentencing hearing without the jury and imposes a sentence of either death or life imprisonment without parole. *See Beck*, 396 So. 2d at 662-63.

9

an aggravated offense in § 13-11-2 (1975), for which the legislature failed to provide a corresponding aggravating circumstance in § 13-11-6 (1975). The Alabama Supreme Court stated: "[t]his case presents in purest form an anomaly in Alabama's Death Penalty Statute." *Id.* at 334. The Alabama Supreme Court concluded "[a] literal and technical reading of the statute" would lead to the conclusion that if the trial judge cannot find the existence of an aggravating circumstance other than the one averred in the indictment, the trial judge must refuse to accept the death penalty as fixed by the jury. *Id.* at 337. The Alabama Supreme Court could think of no reason the Alabama legislature would have imposed such a result, however, and concluded the trial judge is authorized to find the same aggravation averred in the indictment and proven beyond a reasonable doubt to the jury. *Id.* at 337-38.

### b. *Successive petition*

The State argues Magwood's fair-warning claim is a successive petition within the meaning of 28 U.S.C. § 2244(b)(2). Magwood filed his first 28 U.S.C. § 2254 petition on July 20, 1983, and the district court ruled on that petition on March 26, 1985. Magwood did not argue his fair-warning claim in his first habeas petition, although the aggravator averred in the indictment was his sole aggravator. Magwood filed an application in this Court for permission to file a

10

second habeas corpus petition in the district court challenging his conviction, which we denied. *In re Magwood*, 113 F.3d 1544, 1553 (11th Cir. 1997). In his application for permission to file a second petition, he did not mention his fair-warning claim. The current petition on appeal is the first federal habeas petition in which Magwood asserts his fair-warning claim.

According to 28 U.S.C. § 2244(b)(2):

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Magwood does not argue that his case fits into one of these exceptions. Instead, he asserts the fair-warning claim is not successive because he challenges only the state trial court's application of *Kyzer* at his resentencing, not at his

11

original sentencing. Because he limits his fair-warning claim to the resentencing, he contends he necessarily could not have challenged it in his first habeas petition.

The district court concluded that, based on *Ex parte Green*, 215 F.3d 1195 (11th Cir. 2000), Magwood's fair-warning claim is not successive within the meaning of AEDPA. In *Green*, the petitioner filed an application seeking an order authorizing the district court to consider a second or successive petition under 28 U.S.C. § 2255. *Id.* at 1195. Green pled guilty to possession with intent to distribute cocaine base and was sentenced. After the district court was affirmed on direct appeal, Green filed his first 28 U.S.C. § 2255 petition. *Id.* The district court granted the petition with respect to Green's *Bailey v. United States*, 516 U.S. 137, 116 S. Ct. 501 (1995), claim, and denied relief as to all other claims. *Green*, 215 F.3d at 1195-96. Green appealed, but this Court did not issue a certificate of appealability. The district court then held a resentencing and entered an amended judgment. Green thereafter filed a second § 2255 motion, alleging his counsel rendered ineffective assistance at resentencing. The district court found the motion constituted a second or successive motion because Green's claims concerned the same conviction attacked in his first § 2255 motion. *Id.* at 1196.

Green applied for permission to file a successive § 2255 petition in this Court, which we denied as unnecessary, reasoning Green's § 2255 motion attacked

12

only his amended sentence. "Because Green attacks the constitutionality of his re-sentencing proceeding only, and not the validity of his conviction, we hold this § 2255 motion is not 'second or successive.' Green obviously could not challenge his counsel's effectiveness at re-sentencing at the time he filed his first § 2255 motion." *Id.* at 1196. We concluded his application to file a successive motion was unnecessary because the motion attacked for the first time a sentence that was not yet imposed at the time of his first § 2255 motion. *Id.*

Green's ineffective assistance of resentencing counsel is distinguishable from Magwood's fair-warning claim in one important respect. Unlike Green's claim, Magwood's fair-warning claim was available when he filed his first § 2254 petition. Green's ineffective assistance of counsel at resentencing claim necessarily was not available until after Green's resentencing. Magwood's fair-warning claim was available when he filed his first petition, as his only aggravating factor at his first sentencing was the same one charged in the indictment. We now must consider whether Magwood may bring this fair-warning claim even though it was available when he filed his first petition.

We noted this possibility in *Walker v. Crosby*, 341 F.3d 1240, 1245 n.4 (11th Cir. 2003). In *Walker*, we concluded Walker's § 2254 petition was not second or successive because his first petition was dismissed without prejudice for

13

failure to exhaust state remedies, and thus we had "no occasion to decide whether

and to what extent § 2244(b) allows a petitioner, who filed one habeas application

and is then resentenced, to bring another habeas application that, in part,

challenges his resentencing." *Id.* We further noted "[o]ther courts have suggested

that in such a case the district court is allowed to separate the new claims

challenging the resentencing from the old claims that were or should have been

presented in the prior application." *Id.* (citing *In re Taylor*, 171 F.3d 185, 188 n.*

(4th Cir. 1999); *Walker v. Roth*, 133 F.3d 454, 455 n.1 (7th Cir. 1997); *Galtieri v.*

*United States*, 128 F.3d 33, 37-38 (2d Cir. 1997)).

We now have occasion to answer the question noted in *Walker*–"whether

and to what extent § 2244(b) allows a petitioner, who filed one habeas application

and is then resentenced, to bring another habeas application that, in part,

challenges his resentencing." 341 F.3d at 1245 n.4. We find persuasive the

Second Circuit's analysis in *Galtieri*, 128 F.3d at 37-38. In that case the Second

Circuit noted AEDPA does not define what constitutes a second or successive

petition in either § 2255 or § 2254. Any petition for habeas relief that is filed after

a prior one cannot automatically be discounted as being successive, however,

because a petitioner could be successful in a first petition and succeed in receiving

a new sentencing hearing. A second petition after resentencing could challenge

14

errors from the amended sentence. *Id.* at 37. The Second Circuit disapproved, however, of considering the second petition after resentencing as a first petition challenging the amended sentence.

> That approach . . . would permit every defendant who succeeds in having any component of his sentence modified to bring a renewed challenge . . . to the unamended components of his original sentence, raising grounds that were either available for presentation on the first petition or even specifically rejected on that petition. Congress, in enacting sections [2255 and 2254] to sharply restrict repetitive habeas petitions, could not have wanted such an indulgent result.

*Id.* at 37. The Second Circuit then concluded:

> [W]henever a first 2255 petition succeeds in having a sentence amended, a subsequent 2255 petition will be regarded as a 'first' petition only to the extent that it seeks to vacate the new, amended component of the sentence, and will be regarded as a 'second' petition to the extent that it challenges . . . any component of the original sentence that was not amended.

*Id.* at 37-38.

Applying this approach in Magwood's case, those claims seeking to challenge the new, amended component of the sentence are regarded as part of a first petition, and those claims seeking to challenge any component of the original sentence that was not amended are regarded as part of a second petition. Here, the fair-warning claim was available at Magwood's original sentencing. On resentencing, the exact same aggravator–the one alleged in the indictment as

15

allowed by *Kyzer*–was used again. As Magwood's fair-warning claim was available at his original sentencing, Magwood's claim is successive and is governed by 28 U.S.C. § 2244(b)(2).[4] This claim is due to be dismissed because it is successive, and Magwood does not assert it fits into one of § 2244(b)(2)'s exceptions. Thus, we reverse the district court's grant of relief on this claim, and dismiss Magwood's fair-warning claim as successive.

### 2. *Ineffective assistance of counsel on the fair-warning claim*

The State claims the district court erred when it concluded Magwood's attorney was constitutionally ineffective during his resentencing because he failed

---

[4] Magwood asserts under *Burton v. Stewart*, 549 U.S. 147, 156-57, 127 S. Ct. 793, 798-99 (2007), this claim is not successive because he is challenging the judgment under which he is in custody–the resentencing. The problem with Magwood's argument is that he could have, and did, challenge his sentence which contained the same purported error in his first habeas petition. We applied *Burton* in *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286 (11th Cir. 2007) (*Ferreira* II). In *Ferreira* II, we reconsidered our earlier decision that Ferreira's petition for habeas corpus was time-barred. *Ferreira v. Sec'y, Dep't of Corr.*, 183 Fed. Appx. 885 (11th Cir. 2006) (*Ferreira* I). We held in *Ferreira* I that when a petitioner who has been resentenced challenges only his underlying conviction in a habeas petition, the one-year statute of limitations in AEDPA runs from the date the conviction became final, regardless of when the petitioner's corrected sentence became final. After considering *Burton, Ferreira* II held "that AEDPA's statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction *and* sentence the petitioner is serving becomes final." *Ferreira* II, 494 F.3d at 1288. Thus, Ferreira's challenge to his conviction, filed after his resentencing, was timely. *Id.* at 1293. Our conclusion in *Ferreira* does not affect this case, however, because (1) *Ferreira* was deciding a statute of limitations issue; and (2) Ferreira was challenging his conviction, which he had not challenged in his first habeas petition. Conversely, Magwood challenged his sentence (which contained the same purported error) in his original habeas petition, thus his fair-warning claim is successive.

16

to argue that the retroactive application of *Kyzer* to Magwood's case was a violation of due process.

In order for Magwood to obtain relief on his ineffective assistance of counsel claim, he must show (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064, 2068 (1984). Counsel's effectiveness is presumed, and "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689, 104 S. Ct. at 2065. "[C]ounsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc) (quoting *Darden v. Wainwright*, 477 U.S. 168, 186, 106 S. Ct. 2464, 2474 (1986)). "To overcome [the] presumption in favor of competence, the petitioner bears the heavy–but not insurmountable–burden of persuading the court 'that no competent counsel would have taken the action that

17

his counsel did take.'" *Haliburton v. Sec'y for Dep't of Corr.*, 342 F.3d 1233, 1243 (11th Cir. 2003) (quoting *Chandler*, 218 F.3d at 1314-15).

Magwood asserted the ineffective assistance of counsel at resentencing on the fair-warning claim on collateral review in state court, where both the trial court and Alabama Court of Criminal Appeals rejected it. The district court disagreed with the state courts' conclusions, and found counsel was ineffective for failing to argue to the resentencing court that the retroactive application of *Kyzer* to Magwood's case was a violation of the due process clause. The district court had already concluded the state trial court violated the fair-warning component of the due process clause by retroactively applying *Kyzer* to Magwood's case. The district court found that at the resentencing hearing, Magwood's counsel stated the court could sentence Magwood to death without finding an aggravating circumstance in § 13-11-6. Defense counsel stated:

> We say to Your Honor, as we did in some proposed findings that we submitted to you, that the capital offense itself is an aggravating circumstance and that this Court has every right to consider it as an aggravating circumstance.

Applying *Strickland*, the district court concluded the combination of defense counsel misstating the law as it was clearly established by United State Supreme Court precedent in *Bouie v. City of Columbia*, 378 U.S. 347, 84 S. Ct. 1697

18

(1964), and failing to argue against the retroactive application of *Kyzer*, was deficient performance by counsel. *Magwood*, 481 F. Supp. 2d at 1292-93.

The district court relied on *Cave v. Singletary*, 971 F.2d 1513 (11th Cir. 1992), in finding Magwood's counsel deficient. In *Cave*, the defendant's attorney emphasized the fact the defendant was guilty of robbery and essentially conceded the State had proven its case as to guilt. Defense counsel did not understand her client could be convicted of felony murder if he participated in a robbery, and so made the nonsensical argument to the jury that, although he committed the robbery, he was not guilty of felony murder. *Id.* at 1517-18. We found counsel's performance deficient. *Id.*

The district court also concluded Magwood's counsel's deficient performance was prejudicial. If counsel had been able to successfully argue a death sentence violated the fair-warning principle of the due process clause, the district court reasoned the outcome of the case would surely have been different. *Magwood*, 481 F. Supp. 2d at 1293.

The district court then addressed whether the state court was unreasonable in rejecting Magwood's ineffectiveness claim. The Alabama Court of Criminal Appeals rested its holding on the fact the lawyer had no substantive role in the resentencing. The district court found this conclusion unreasonable, whether

19

regarded as a legal issue or a factual issue. The Alabama court's holding was not consistent with legal requirements, clearly established by the United States Supreme Court, that individualized consideration of the aggravating and mitigating factors is required. *Zant v. Stephens*, 462 U.S. 862, 879, 103 S. Ct. 2733, 2744 (1983). The holding was also not consistent, factually, with what actually happened at resentencing. Thus, the district court found the Alabama court's holding, that counsel's performance was adequate because the federal courts only ordered a resentencing court to find the mitigating circumstances, unreasonable and concluded habeas relief was due to be granted on this claim. *Magwood*, 481 F. Supp. 2d at 1293-95.

We conclude the district court erred in holding that counsel's performance was deficient. While there was a possible objection, Alabama's highest court had said in *Kyzer* that a § 13-11-2 aggravating factor could be used as an aggravating circumstance. We are not prepared to require counsel to raise an argument that has already been decided adversely to his client's position by a state's highest court in order to avoid being found ineffective. The district court relies on *Cave*, and in that case, counsel did not understand the felony murder rule–a much more elementary legal concept. Magwood has failed to overcome the presumption in favor of competence. Because we do not find the performance of Magwood's

20

counsel deficient, we need not discuss the prejudice prong. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064 ("Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable."). Thus, we reverse the district court's holding that Magwood's resentencing counsel was ineffective in failing to argue the retroactive application of *Kyzer* was a violation of due process.

B. *Magwood's Cross-Appeal*

Magwood asserts multiple issues on cross-appeal. Specifically, he asserts the district court erred in denying him discovery and an evidentiary hearing on his claim he was denied effective assistance of counsel. Magwood asserts counsel was ineffective for failing to investigate and present any evidence at his resentencing, including mitigating evidence that was later obtained and proffered to the Alabama courts in the collateral challenge to his sentence, and appended to his habeas corpus petition in the district court. Magwood also contends the district court erred in denying him relief on the remainder of his ineffective assistance of counsel claims, including that his counsel: (1) failed to demand a jury at resentencing; (2) permitted the resentencing court to rely on the jury recommendation from the first sentencing and the State's wholesale introduction of the record, including inadmissible evidence from the trial and first sentencing;

21

and (3) failed to object to the unconstitutional grounds of his resentencing. Magwood next contends the district court erred in declining to consider the merits of his claims that Alabama had suppressed internal departmental reports and documents that directly belied the Alabama court's expressed bases for reimposing a sentence of death notwithstanding the two statutory mental state mitigating circumstances, in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), and in denying discovery and an evidentiary hearing thereon. Magwood also asserts the district court erred by not granting him relief from his death sentence on the ground it was freakish and arbitrary, insofar as Magwood is the sole Alabamian to ever have been sentenced to death: (1) in the absence of at least one of the aggravating circumstances required by statute; or (2) having committed a capital offense while suffering from a mental disease that placed him under the influence of extreme mental disturbance and so impaired his capacity to appreciate the criminality of his act and to conform his conduct to the requirements of the law that those enumerated Alabama statutory mitigating circumstances were met, in violation of the Eighth and Fourteenth Amendments. Magwood next argues the district court erred in denying relief on his claims that the resentencing court, in response to the federal court's writ vacating his first death sentence, merely substituted for its refusal to recognize the existence of Alabama's two statutory

mental capacity mitigating circumstances, findings of his purported capacity that were the equivalent of their earlier refusal and, therefore, were incompatible with the prior writ, and that he was denied effective assistance due to his counsel's failure to object to the sentence on that ground. Finally, Magwood asserts Alabama unconstitutionally deprived Magwood of a jury on resentencing and he was involuntarily medicated and presented to the Alabama courts as competent and of apparent capacity.

After hearing oral argument and reviewing the record and the parties' briefs, we find no error in the district court's denial of relief on the above-listed claims. Thus we affirm the district court's denial of relief on these claims.

## IV.  CONCLUSION

We REVERSE the district court's grant of relief on Magwood's fair-warning claim and ineffective assistance of counsel on Magwood's fair-warning claim. We AFFIRM the district court's denial of relief on the claims Magwood asserts in his cross-appeal. Thus, we render judgment in favor of the State.

**REVERSED IN PART; AFFIRMED IN PART.**