[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 19, 2011
JOHN LEY
CLERK

No. 10-11873
Non-Argument Calendar

_____

D.C. Docket No. 1:07-cv-23034-FAM

VRAIN SCOTT,

Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS STATE OF FLORIDA,
Walter A. McNeil, Secretary,
ATTORNEY GENERAL OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 19, 2011)

Before BLACK, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

This is the second time we have reviewed the denial of a petition for a writ

of habeas corpus sought by Vrain Scott. 28 U.S.C. § 2254. Scott petitioned for relief on the ground that a Florida court resentenced him based on a finding of fact not made by the jury at trial, in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). The district court denied Scott's petition as successive and untimely, but we vacated that decision and remanded for further proceedings. Scott v. Fla. Dep't of Corr, No. 08-10471 (11th Cir. Jan. 13, 2009). On remand, the district court ruled that the decision of the state court was not contrary to or an unreasonable application of federal law. We affirm.

Scott argues that the state court violated his right to a trial by jury by adjudicating him guilty of robbery with a weapon without a specific finding to that effect by a jury, but this argument fails. Under the Florida statute, a defendant is guilty of robbery in the first degree whether he "carried a firearm or other deadly weapon," Fla. Stat. § 813.12(2)(a), or "carried a weapon," id. § 813.12(2)(b). The jury found Scott guilty of "armed robbery," but the jury did not make a special finding that he carried a firearm. After collateral review, Scott was resentenced as guilty of robbery with a weapon instead of robbery with a firearm. See Mashburn v. State, 745 So. 2d 453, 454 (Fla. Dist. Ct. App. 1999). We will not review how the state courts reconciles the robbery statute and jury verdicts. See Marshall v. Sec., Fla. Dep't of Corr., 610 F.3d 576, 583 (11th Cir. 2010) ("'[F]ederal courts do

2

not sit to revisit a state supreme court's judgment as to whether the trial court complied with state law.'" (quoting <u>Bolender v. Singletary</u>, 16 F.3d 1547, 1570 (11th Cir. 1994)).

The district court correctly denied Scott habeas relief because the state court reasonably concluded that Scott's sentence did not violate <u>Apprendi</u>. The Supreme Court held in <u>Apprendi</u> that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S. Ct. at 2362–63. The state court reasonably relied on the verdict of the jury that Scott committed armed robbery to adjudicate Scott guilty of robbery with a weapon.

We **AFFIRM** the denial of Scott's petition.