RESUBMIT
DLD-269                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1484
_____

IN RE:  MARK ANTHONY BROWN,

                                                                Petitioner

_____

Transferred from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 13-cv-03068)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted on an Application for Leave to File a Second or Successive
Habeas Corpus Petition Pursuant to 28 U.S.C. § 2244(b)
November 10, 2014
Before:  SMITH, HARDIMAN and NYGAARD, Circuit Judges

(Opinion filed: December 10, 2014)
_____

OPINION[*]
_____

PER CURIAM

        Before us is Mark Anthony Brown's habeas petition, filed in the United States

District Court for the Eastern District of Pennsylvania, and transferred to us by that Court

for consideration pursuant to 28 U.S.C. § 2244(b) as an application for leave to file a

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

second or successive petition. Because Brown's petition challenges an intervening judgment, it is not "second or successive" and does not require our authorization for filing. We thus will transfer the petition back to the District Court.

I.

In 1990, Brown was convicted of first degree murder, arson, and a violation of the Pennsylvania Corrupt Organizations Act (PACOA) in the Philadelphia Court of Common Pleas. The case involved a drug distribution ring. A person who was suspected of stealing funds from the ring was lured to a drug house where he was stabbed and beaten to death; the house was then set on fire. Brown was not present during the murder, but one member of the ring testified that the crimes were carried out based on Brown's instructions. Brown was sentenced to life imprisonment without parole for the murder, no additional penalty for the arson, and a consecutive sentence of 43-86 months' imprisonment for the PACOA charge.

In 2008, Brown filed a habeas petition pursuant to 28 U.S.C. § 2254, raising ten claims of prosecutorial misconduct and one claim challenging his PACOA conviction. The District Court dismissed the prosecutorial misconduct claims as untimely, granted relief on the PACOA claim based on Commonwealth v. Besch, 674 A.2d 655 (Pa. 1996) (superseded by statute; see 18 Pa. C.S. § 911(h)(3), as amended June 19, 1996),[1] and

---

[1] Besch held that a PACOA conviction for activity in a wholly illegitimate enterprise (such as Brown's) was invalid. Besch, 674 A.2d at 655, 659.

remanded the matter to the state court, ordering that the PACOA sentence be vacated, and that:

> The Commonwealth of Pennsylvania shall release petitioner from his present confinement unless the Commonwealth provides him with a new sentencing hearing, within ninety (90) days of the court's order, so that petitioner can be re-sentenced on all the remaining charges for which he was convicted and sentenced.

A99-100.

On remand, the Common Pleas Court docket sheet reflects entry of this order: "Finding of guilt on charge of Corrupt Organization is vacated, and def. found not guilty. Therefore the sentence imposed on 04/27/94 is also vacated as to THIS CHARGE ONLY." A47. Brown appealed, arguing that the trial court erred by failing to provide him with counsel for resentencing. The Superior Court of Pennsylvania agreed, noting that it was "of no moment" that "the trial court merely vacated a portion of [Brown's] prior sentence and imposed no additional terms," as [n]either party could have known what sentence the trial court would impose at the January 7, 2009 sentencing hearing." A109.[2] The Court noted that "this was a sentencing hearing concerning multiple felonies, and Appellant had the right to counsel at this critical stage." Id. The Court vacated the trial court's order and remanded "for the appointment of counsel at resentencing." Id.

After counsel was appointed, Brown was again sentenced to life in prison without parole. The trial court rejected Brown's argument that he should receive a new trial

---

[2] According to Respondents, no hearing had been held.

3

because the murder and arson convictions were inextricably intertwined with the vacated PACOA conviction. A174-81.[3] The Superior Court agreed that Brown was not entitled to relief, finding that his issues were not cognizable in the appeal from resentencing, but noting in the alternative that Brown's "contention that the [PACOA] charge was the sole avenue to admissibility of evidence used to convict him of murder and arson is not supported by the Pennsylvania Rules of Evidence or by case law." Commw. v. Brown, No. 34 EDA 2011, slip op. at 8, 12 (Pa. Super. Ct. Sep. 20, 2012) (non-precedential) (A120, 124). The Pennsylvania Supreme Court denied review on April 11, 2013.

Brown then filed the § 2254 petition at issue here, raising seven claims. The first four claims[4] are based on his allegation that the murder and arson convictions were "inextricably intertwined" with the PACOA conviction. The last three claims are entirely

---

[3] It appears that the trial court may have misread the District Court's order. It appears to have believed that a full resentencing was simply a recommendation of the District Court, rather than an order. See A175 (noting that "[Judge] Fullam . . . 'respectfully recommend[ed] that'" the Commonwealth provide Brown a new sentencing hearing, and "further *recommend[ed]* that the remand be for resentencing on all the remaining Bills of Information" (emphasis added by trial court)). In fact, the cited recommendations were those of the Magistrate Judge *to the District Court*. The District Court adopted the recommendations and wrote an *order* conditionally granting the writ. Nevertheless, because the trial court considered Brown's contention that the remaining sentences were affected by the vacation of the PACOA count, any misunderstanding was harmless.

[4] The four claims are: (1) Petitioner's fundamental right to a fair trial has been denied; (2) Conviction obtained on a factual basis different than as charged; (3) Jury instruction improperly shifted burden of proof; and (4) Conviction of less than proof beyond a reasonable doubt of every element of the crime charged. Brown does not clearly articulate what each of these claims is, but for the "supporting facts" of each he declares that the claim is valid because the convictions were all inextricably intertwined.

4

new claims (a Vienna Convention claim, and claims that trial counsel was ineffective for failing to adequately inform Brown about his right to testify and for failing to request a directed verdict). The Court found that the petition was an unauthorized second or successive petition, see 28 U.S.C. § 2244(b), and transferred the petition to us.

We directed the District Attorney for Philadelphia to enter an appearance and respond to the application, addressing whether, in light of Magwood v. Patterson, 561 U.S. 320 (2010), the District Court erred in treating Brown's petition under 28 U.S.C. § 2254 as second or successive. We also invited Brown to respond to the issue, and both parties have filed responses.

## II.

We turn to the Supreme Court's decision in Magwood to answer the question of whether Brown's petition was "second or successive" within the meaning of § 2244(b). In that case, after a state prisoner had filed a § 2254 petition challenging his Alabama murder conviction and death sentence, the district court conditionally granted his petition and vacated his death sentence. Id. at 323-26. The trial court subsequently held new sentencing proceedings, and it again sentenced the prisoner to death. Id. at 326. He then filed a § 2254 petition challenging his new sentence on the ground that, inter alia, he did not have fair warning that his conduct would be sufficient to warrant a death sentence under Alabama law. Id. at 328. After the district court conditionally granted the writ, the court of appeals reversed in relevant part. Id. at 329. "It concluded that the first step in determining whether § 2244(b) applies is to 'separate the new claims challenging the

5

resentencing from the old claims that were or should have been presented in the prior application,'"; the appeals court then found the fair-warning claim was second or successive.  Id. (quoting Magwood v. Culliver, 555 F.3d 968, 975 (11th Cir. 2009)).

The Supreme Court disagreed with this approach, and held that this petition was not "second or successive" under § 2244(b).  Id. at 342.  The Court explained that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged," and that, where "there is a new judgment intervening between the two habeas petitions, . . . an application challenging the resulting new judgment is not 'second or successive' at all."  Id. at 333, 341-42 (internal quotation marks and citation omitted).  Additionally, the Court held that the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions.  Id. at 334-35.  Because the state prisoner's § 2254 petition was his first collateral attack on the "intervening judgment" between his first and second § 2254 petitions, the Court concluded that it was not successive under § 2244(b).  Id. at 339, 342.  The Court stated that it had no occasion to decide whether a petitioner who had "obtain[ed] a conditional writ as to his sentence" could "file a subsequent application challenging not only his resulting, *new* sentence, but also his original, *undisturbed* conviction."  Id. at 342.

Respondents argue that Magwood is distinguishable because Brown is not challenging any aspect of his resentencing but instead is "challeng[ing] the guilt-phase portion of his entirely different judgment of sentence for first-degree murder, which was unaffected by the limited grant of the writ arising from his 2008 habeas litigation."  Resp.

6

Br. at 24. We disagree. Although the first trial court order after remand attempted to simply vacate the PACOA "finding of guilt," and leave the rest of the conviction unaltered, the Superior Court vacated that order, and the matter was remanded for appointment of counsel at resentencing, noting that "this was a sentencing hearing concerning multiple felonies," and that "neither party could have known what sentence the trial court would impose." Thus, the Superior Court, like the District Court, required something more than a mechanical correction of the docket. And the trial court fulfilled that requirement on remand. After considering and rejecting Brown's argument that he should receive a new trial on the remaining counts, the court "resentenced [Brown] to life imprisonment without parole on his first degree murder conviction." A176.

We conclude that there was an "intervening judgment" between Brown's first and second habeas petition, and that Brown's second-in-time § 2254 petition was thus "not 'second or successive' at all," as "the existence of a new judgment is dispositive." See Magwood, 561 U.S. at 341-42, 338; see also Deal v. United States, 508 U.S. 129, 132 (1993) (judgment of conviction includes both adjudication of guilt and sentence). Further, given Magwood's focus on whether the applicant is challenging a new *judgment* rather than focusing on whether the applicant is bringing a new *claim*, we hold that "where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both." Johnson v. United States, 623 F.3d 41, 46 (2d Cir. 2010); see also Wentzell v. Neven, 674 F.3d 1124, 1127 (9th Cir. 2012) (same); Blanco v. Sec., Florida Dep't of Corr., 688

7

F.3d 1211, 1240 (11th Cir. 2012) (holding that § 2254 petition was not "second or successive" even though the factual predicate for petitioner's Brady claim was available when he filed his first § 2254 petition, because there was an intervening judgment resentencing him to death).

We recognize that some of our sister courts have interpreted Magwood differently. See United States v. Suggs, 705 F.3d 279, 285 (7th Cir. 2013) (holding that where a movant's new motion challenges his underlying conviction and not the resentencing, the motion is successive and subject to the gatekeeping requirements of 28 U.S.C. § 2244); cf. In re Lampton, 667 F.3d 585, 588-89 (5th Cir. 2012) (Magwood does not apply where federal sentence and conviction were vacated as to one count of a multi-count conviction, but the court entered no new judgment of conviction; judgment as to remaining counts "remained intact"). But we believe that the Supreme Court decision makes clear that "a habeas petition is deemed initial or successive by reference to the *judgment* it attacks— not which *component* of the judgment it attacks or the nature or genesis of the *claims* it raises." Suggs, 705 F.3d at 287-88 (Sykes, J., dissenting).

We thus will deny as unnecessary Brown's application to file a second or successive § 2254 petition, and direct the Clerk to transfer Brown's § 2254 petition back to the District Court, to be considered as his first challenge to his new judgment. We express no opinion on the merits of Brown's claims, and Respondents remain free to raise any procedural defenses to the claims, if applicable.