**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-7230**

———————

WILLIAM ROBERT GRAY, JR.,

              Petitioner - Appellant,

       v.

R.C. LEE, Warden of Central Prison, Raleigh, North Carolina,

              Respondent - Appellee.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:02-hc-00335-BO)

———————

Submitted:  June 19, 2015          Decided:  July 31, 2015

———————

Before GREGORY, DUNCAN, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

M. Gordon Widenhouse, Jr., RUDOLF, WIDENHOUSE & FIALKO, Chapel
Hill, North Carolina, for Appellant.   Danielle Marquis Elder,
NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Robert Gray, Jr. was convicted of first degree murder and sentenced to death in North Carolina state court. See Gray v. Banker, 529 F.3d 220, 223 (4th Cir. 2008). He successfully appealed the U.S. district court's denial of his petition for the writ of habeas corpus. We remanded the case with instructions to the district court to grant the writ unless the state afforded him a new sentencing hearing within a reasonable time. See id. at 242. On August 7, 2008, the district court entered an order that released Gray from his death sentence and imposed a sentence of life imprisonment if the state did not initiate new sentencing proceedings within 180 days. See J.A. 181.

Nearly five years later, remarkably, resentencing proceedings had not taken place. In 2013, Gray filed several pro se motions, including what is best construed as a motion under 28 U.S.C. § 2241 asking for his release on various constitutional grounds.* Mistakenly believing that Gray's

---

* It is our "longstanding practice . . . to classify pro se pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). Gray's filings principally attacked the five-year long delay in the state's failure to resentence him; in other words, the execution of his sentence. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("[A]ttacks on the execution of a sentence are properly raised in a § 2241 petition.").

2

resentencing hearing had already occurred, the district court denied his motion as moot. Gray moved for reconsideration. Subsequently, the district court determined the delay in Gray's resentencing proceedings was reasonable, because his trial counsel had negotiated with the state several postponements during this five-year period to his benefit.

Now represented by counsel from his original habeas proceeding, Gray appeals the district court's order denying his motion for reconsideration. A timely appeal of an order denying a motion for reconsideration automatically brings both that order and the underlying order before the appeals court. See Dove v. CODESCO, 569 F.2d 807, 809-10 (4th Cir. 1978). To the extent Gray's appeal requires a certificate of appealability, see United States v. McRae, No. 13-6878, 2015 WL 4190665, at *5-6 (4th Cir. July 13, 2015), we have independently reviewed the record and conclude he has not made the requisite showing. See 28 U.S.C. § 2253(c)(2) (requiring "a substantial showing of the denial of a constitutional right"). We therefore hold that the district court's denial of Gray's motion for reconsideration is affirmed.

We note that in his briefing, Gray advances a second argument unrelated to his resentencing predicated on McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). This actual innocence claim really goes to the validity of Gray's underlying conviction.

3

Gray of course could not have brought a separate § 2254 petition challenging his new judgment on this basis until the state actually resentenced him. But, the claim is improperly raised here because it was outside the scope of the court's decision on his § 2241 sentencing challenge, and therefore never before the district court. We further note that Gray has not moved for an order authorizing the district court to consider a second or successive habeas corpus application, and we do not today decide whether such authorization would be appropriate. The opinion of the district court is

AFFIRMED.