**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-433**

In Re:  WILLIAM ROBERT GRAY, JR.,

        Movant.

On Motion for Authorization to File a Second or Successive Application for a Writ of Habeas Corpus.

Argued:  October 27, 2016                    Decided:  February 28, 2017

Before GREGORY, Chief Judge, and DUNCAN and THACKER, Circuit Judges.

Motion denied with instructions by published opinion.  Chief Judge Gregory wrote the opinion, in which Judge Duncan and Judge Thacker joined.

**ARGUED:**  Jacob Edwards, UNIVERSITY OF GEORGIA SCHOOL OF LAW, Athens, Georgia, for Movant. Peter Andrew Regulski, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Respondent.  **ON BRIEF:**  Thomas V. Burch, Mary G. Griffin, Third-Year Law Student, David R. Waldrep, Third-Year Law Student, Appellate Litigation Clinic, UNIVERSITY OF GEORGIA SCHOOL OF LAW, Athens, Georgia, for Movant.  Roy Cooper, Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Respondent.

GREGORY, Chief Judge:

William Robert Gray, Jr., seeks leave to file a second or successive 28 U.S.C. § 2254 petition challenging his conviction for first-degree murder. Because this petition will be Gray's first § 2254 petition to challenge the new judgment, imposed after Gray was resentenced, we find that the petition is not second or successive within the meaning of 28 U.S.C. § 2244(b). We therefore deny the motion as unnecessary and direct the district court to consider Gray's second-in-time § 2254 petition as the first challenge to the new judgment.

I.

In 1993, Gray was convicted in North Carolina state court of first degree murder and sentenced to death. J.A. 28. After losing on direct appeal and on his postconviction motion for appropriate relief, Gray filed a 28 U.S.C. § 2254 petition in federal district court. The court dismissed his petition, but we reversed in part, finding that trial counsel was ineffective at sentencing. We ordered the district court to grant the writ of habeas corpus "unless the State of North Carolina affords Gray a new sentencing hearing within a reasonable time." *Gray v. Branker*, 529 F.3d 220, 242 (4th Cir. 2008).

Nearly five years later, when Gray had still not been resentenced, he filed several pro se motions challenging his conviction and the delay in his resentencing. J.A. 152. The district court ordered the State to provide periodic updates on the status of Gray's resentencing, but it otherwise denied Gray's motions. We affirmed. *Gray v. Lee*, 608 F. App'x 172, 173 (4th Cir. 2015), *cert. denied sub nom. Gray v. R.C. Lee*, 136 S. Ct. 908

2

(2016). While Gray's appeal to this Court was pending, the North Carolina court finally resentenced Gray to life imprisonment after the State decided it would not seek the death penalty. J.A. 155.

In February 2016, Gray filed with this Court a 28 U.S.C. § 2244(b) motion for authorization to file a second or successive § 2254 petition. Gray now asks this Court to find such authorization unnecessary because, he argues, his resentencing means that this will be his first § 2254 petition to challenge the new, intervening judgment.

II.

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a petitioner incarcerated pursuant to a state judgment cannot bring a "second or successive" motion for federal habeas relief without authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3). Only in limited, statutorily prescribed circumstances will a court of appeals grant such authorization. *See id.* § 2244(b)(2). If the court of appeals determines that a habeas petition is not second or successive, then authorization to file is unnecessary and the court of appeals generally will return the petition to the district court. *See, e.g.*, *Johnson v. United States*, 623 F.3d 41, 42 (2d Cir. 2010); *In re Brown*, 594 F. App'x 726, 730 (3d Cir. 2014).

Here, Gray does not argue that this Court should authorize his second-in-time § 2254 habeas petition as a permissible second or successive petition under § 2244(b). Instead, he contends that because his second-in-time § 2254 petition challenges a new judgment, it is not second or successive at all. Our analysis is therefore guided by the

3

Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. 320 (2010), which addresses when a habeas petition is "second or successive" within the meaning of § 2244(b).

In *Magwood*, after losing on direct appeal and in postconviction proceedings, Billie Joe Magwood filed a § 2254 petition challenging his state murder conviction and death sentence. The district court conditionally granted the writ as to his sentence, ordering that Magwood be released or resentenced. The trial court subsequently resentenced Magwood to death. *Id.* at 323. Magwood then filed a second-in-time § 2254 petition challenging only his new death sentence. The district court again conditionally granted the writ. *Id.* The Eleventh Circuit reversed, holding that Magwood's challenge was an unreviewable second or successive habeas petition. It held that to determine whether a petition is second or successive under § 2244(b), a court should "separate the new claims challenging the resentencing from the old claims that were or should have been presented in the prior application." *Magwood v. Culliver*, 555 F.3d 968, 976 (11th Cir. 2009). The Eleventh Circuit then found that the petition was second or successive because Magwood could have raised the petition's claims in his first habeas petition. *Id.*

The Supreme Court rejected this claims-based approach and held that Magwood's second-in-time § 2254 petition challenging his new sentence was not second or successive under § 2244(b). *Magwood*, 561 U.S. at 342. The Court explained that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged," *id.* at 333, and where "there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or

4

successive' at all," *id.* at 341–42 (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007)) (citation omitted). The proper focus, according to the *Magwood* Court, is on the newness of the *judgment as a whole*.

The Court further explained that the phrase "second or successive" in § 2244(b) applies to the habeas petition itself, not to the petition's individual claims. *Id.* at 334–35. Hence, a court must first determine whether a petition is second or successive, and only if it is should the court review the petition's individual claims to see if they meet § 2244(b)'s requirements. *Id.* The Court thus did away with a claims-based approach to determining whether a petition is second or successive in favor of a judgment-based approach, and "the existence of a new judgment is dispositive." *Id.* at 338.[1]

Courts have long acknowledged and the Supreme Court has confirmed that a final judgment of conviction includes both the adjudication of guilt (or "conviction") and the sentence. *See Deal v. United States*, 508 U.S. 129, 132 (1993); *United States v. Dodson*, 291 F.3d 268, 272 (4th Cir. 2002). Accordingly, then, when a defendant is resentenced, he or she is confined pursuant to a new judgment even if the adjudication of guilt is undisturbed. *See, e.g.*, *King v. Morgan*, 807 F.3d 154, 158 (6th Cir. 2015) ("Even when the only change in the state-court proceeding relates to the sentence, the new judgment will reinstate the conviction and the modified sentence."). Because in *Magwood* the prisoner's § 2254 petition was his first challenge to the "intervening judgment" that

---

[1] The habeas petition at issue in *Magwood* was a § 2254 petition, but courts have found "that the rule stated in *Magwood* applies to § 2255 motions," as well. *Johnson*, 623 F.3d at 45.

issued when Magwood was resentenced between his first and second § 2254 petitions, *Magwood*, 561 U.S. at 339, the Court concluded that the petition was "not 'second or successive' at all" under § 2244(b), *id.* at 342.

In dicta, the *Magwood* Court stated that it had no occasion to decide whether a petitioner who had "obtain[ed] a conditional writ as to his sentence" could "file a subsequent application challenging not only his resulting, *new* sentence, but also his original, *undisturbed* conviction." *Id.*[2] Magwood was only challenging alleged sentencing errors, and so the Court had no reason to reach the question of whether Magwood could also challenge his underlying conviction.

That unanswered question is precisely the one before us: whether Gray, after being resentenced to life in prison following a successful habeas petition, can challenge his underlying, undisturbed conviction in a second-in-time habeas petition. Though the Fourth Circuit has not yet addressed this question, all but one court of appeals to do so have concluded that under *Magwood*, a prisoner may file a second-in-time habeas petition challenging an undisturbed, underlying conviction after being resentenced. *King*,

---

[2] In a footnote, the Court pointed to three circuits that had previously "held that a petitioner who succeeds on a first habeas application and is resentenced may challenge only the 'portion of a judgment that arose as a result of a previous successful action.'" *Id.* at 342 n.16 (quoting *Lang v. United States*, 474 F.3d 348, 351 (6th Cir. 2007)) (citing *Walker v. Roth*, 133 F.3d 454, 455 (7th Cir. 1997); *Esposito v. United States*, 135 F.3d 111, 113–14 (2d Cir. 1997)). In declining to address this issue, the Court did not express any opinion about whether those circuits' holdings survived *Magwood*. But since *Magwood*, the Second and Sixth Circuits have changed course based on *Magwood* and have held that a petitioner who obtains a conditional writ as to his sentence *can* file a subsequent application challenging his original, undisturbed conviction. *See Johnson*, 623 F.3d at 46; *King*, 807 F.3d at 156.

807 F.3d at 156 ("[A] habeas petitioner, after a full resentencing and the new judgment that goes with it, may challenge his undisturbed conviction without triggering the 'second or successive' requirements."); *Insignares v. Sec'y, Florida Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) ("[W]hen a habeas petition is the first to challenge a new judgment, it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction."); *Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012) (adopting the Second Circuit's approach in *Johnson* and stating, in response to the argument that a petition was second or successive because it raised claims that could have been presented in a prior petition, "[t]he Supreme Court rejected such a 'one opportunity rule' in *Magwood*"); *Johnson*, 623 F.3d at 46 ("[W]here a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both."); *see also Brown*, 594 F. App'x at 729 (adopting, in an unpublished opinion, the Second Circuit's approach in *Johnson*).[3]

---

[3] Among our sister circuits to address this question, the Seventh Circuit is the lone outlier. In *Suggs v. United States*, 705 F.3d 279, 285 (7th Cir. 2013), the court held that where a prisoner who has been resentenced pursuant to a successful § 2255 petition challenges in a second-in-time § 2255 petition only his underlying, undisturbed conviction, the petition is successive and subject to 28 U.S.C. § 2244's gatekeeping requirements. In reaching this conclusion, the court relied on pre-*Magwood* Seventh Circuit precedent, which stated that "any challenge to an error preceding the resentencing 'must be treated as a collateral attack on the original conviction and sentence, rather than as an initial challenge to the last sentence.'" *Id.* at 283 (quoting *Dahler v. United States*, 259 F.3d 763 (7th Cir. 2001)). The court found that its precedent answered the question and that "it would be premature to depart from our precedent where the Court has not asked us to." *Id.* at 284.

(Continued)

We now join the chorus of our sister circuits in finding that when a habeas petition is the first to challenge a new judgment, it is not second or successive within the meaning of § 2244(b), regardless of whether it challenges the sentence or the underlying conviction. The *Magwood* Court made clear that it is the newness of the intervening judgment as a whole that resets the habeas counter to zero. When Gray was resentenced, he was confined pursuant to a new judgment. He therefore does not require this Court's authorization to challenge, for the first time, that new judgment, which includes both his sentence and his underlying conviction. The *Magwood* framework, by eliminating the claims-based approach and focusing entirely on the newness of the judgment, dictates this conclusion.

This interpretation of *Magwood* comports with our precedent. In our recently decided case, *In re Wright*, 826 F.3d 774 (4th Cir. 2016), we held that after a prisoner's first § 2254 petition was dismissed, his subsequent § 2254 petition challenging the execution of his sentence was second or successive within the meaning of § 2244. In *Wright*, there was no intervening judgment between the first and subsequent habeas petition; Wright merely argued that because he had not previously challenged the execution of his sentence, his subsequent petition in which he raised that claim should not

---

*Suggs* was not a unanimous decision. The dissent argued that *Magwood* had "abrogated *Dahler*'s claims-based approach" and that "*Magwood*'s interpretation of § 2244(b) is clear enough to require a departure from circuit precedent." *Suggs*, 705 F.3d at 288 (Sykes, J., dissenting). The dissent would have joined the circuits that apply *Magwood*'s framework to second-in-time petitions that follow resentencing and challenge an underlying conviction.

be considered second or successive. In rejecting this argument, we looked to *Magwood* and noted that the Court there "specifically declined to extend its 'judgment challenged' rule to petitions challenging the execution of a sentence." *Id.* at 783. We also recognized that "the phrase 'second or successive' 'must be interpreted with respect to the judgment challenged,'" *id.* (quoting *Magwood*, 561 U.S. at 333), and Wright was attempting to challenge the same judgment that was the subject of his prior unsuccessful § 2254 petitions. We therefore relied on abuse-of-the-writ principles to determine that because Wright could have brought his claims in his first § 2254 petition, his petition was second or successive. Here, on the other hand, Gray is challenging his underlying conviction, not the execution of his sentence. And he is challenging for the first time the intervening judgment that is the basis for his confinement. *Magwood* therefore permits Gray's second-in-time petition. This conclusion is consistent with both the Supreme Court's judgment-based framework in *Magwood* and our reliance on that framework in *Wright*.[4]

---

[4] To the extent that our earlier cases promulgated a claims-based approach to determining whether a petition is second or successive, those cases are no longer good law after *Magwood*. For instance, in *In re Taylor*, 171 F.3d 185 (4th Cir. 1999), we instructed district court judges facing a second-in-time habeas petition to "separate the 'new' issues from any which existed at the time the applicant filed an earlier § 2255 motion and to limit [] consideration of the motion accordingly." *Id.* at 188 n.\*. We suggested that only "new issues" could be raised in a second-in-time habeas petition and that claims that could have been raised in an earlier petition would be barred. *See id.*; *see also In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006) (applying a similar claims-based approach). But the *Magwood* Court made clear that the second or successive inquiry applies to the habeas petition as a whole and not to the petition's individual claims. 561 U.S. at 334–35. It therefore struck down the approach set forth in *Taylor* and *Williams* in favor of the judgment-based approach that we apply here.

9

Our interpretation of *Magwood* is also aligned with AEDPA's goal of permitting "delayed or second petitions only in fairly narrow and explicitly defined circumstances." *Id.* at 782 (quoting *David v. Hall*, 318 F.3d 343, 346 (1st Cir. 2003)). Although our holding may indeed permit a prisoner to raise more claims in a second-in-time habeas petition brought after the prisoner prevails on an initial habeas petition—a rare circumstance itself—there are still numerous procedural safeguards that prevent a prisoner from bringing abusive claims in federal court. As the Court in *Magwood* stated, the "concern that our rule will allow 'petitioners to bring abusive claims so long as they have won any victory pursuant to a prior federal habeas petition,' is greatly exaggerated," because "[i]f a petitioner does not satisfy the procedural requirements for bringing an error to the state court's attention—whether in trial, appellate, or habeas proceedings, as state law may require—procedural default will bar federal review." 561 U.S. at 340 (citation omitted). In other words, AEDPA will continue to circumscribe federal review of habeas claims. And where a petitioner is not barred from reraising arguments that were rejected in the first round of habeas review, "[i]t will not take a court long to dispose of such claims where the court has already analyzed the legal issues." *Id.* at 340 n.15.

For all of these reasons, we find that when a prisoner's successful habeas petition results in a new, intervening judgment, the prisoner's first habeas petition to challenge that new judgment is not second or successive within the meaning of § 2244(b), regardless of whether the petition challenges the prisoner's sentence or underlying conviction. Accordingly, the § 2254 petition that Gray seeks to file here is not second or

10

successive because it will be the first to challenge the intervening judgment that is the basis for his confinement.

## III.

Gray's motion for leave to file a second or successive § 2254 petition is denied as unnecessary, and we direct the district court to consider Gray's second-in-time § 2254 petition as the first challenge to the new judgment.

*MOTION DENIED*
*WITH INSTRUCTIONS*

11