**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-443**

In re:  THOMAS J. TORRENCE

      Movant.

Motion for Authorization to File a Second or Successive 28 U.S.C. § 2254 Petition.

Argued:  September 11, 2020                     Decided:  October 2, 2020

Before KING, WYNN, and DIAZ, Circuit Judges.

Motion denied as unnecessary by unpublished per curiam opinion.

**ARGUED**: Joel M. Bondurant, Jr., BONDURANT LAW, PLLC, Huntersville, North Carolina, for Movant.  Matthew C. Buchanan, SOUTH CAROLINA DEPARTMENT OF PROBATION, PAROLE & PARDON SERVICES, Columbia, South Carolina, for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas J. Torrence moves for authorization pursuant to 28 U.S.C. § 2244(b) to file a second or successive 28 U.S.C. § 2254 petition in the District of South Carolina, asserting that the South Carolina Department of Probation, Parole, and Pardon Services (the "South Carolina DPPPS") unconstitutionally changed his parole status from eligible to ineligible. As explained herein, Torrence's proposed § 2254 petition — although second-in-time — is not a "second or successive" petition within the meaning of § 2244(b)(3). We therefore deny the § 2244(b) motion as unnecessary.

I.

The record reflects that, in May 1992, a South Carolina jury convicted Torrence of multiple offenses, including two counts of murder. On the murder convictions, the trial judge sentenced Torrence to life imprisonment with eligibility for parole after thirty years. Torrence unsuccessfully pursued relief by way of direct appeal and then through state postconviction proceedings, which concluded in April 2004. Soon thereafter, in June 2004, the South Carolina DPPPS changed Torrence's parole status to ineligible.

In March 2005, Torrence filed his initial 28 U.S.C. § 2254 petition in the District of South Carolina, asserting eleven grounds for relief. Torrence's first ten grounds had been exhausted during the state postconviction proceedings. Torrence's eleventh ground — contesting the change in his parole status as a violation of his rights under the Eighth and

2

Fourteenth Amendments — had not yet been exhausted.[1] Torrence explained in his § 2254

petition that he was simultaneously pursuing the parole eligibility claim in the South

Carolina courts in order to satisfy the federal exhaustion requirement.

Significantly, along with his initial § 2254 petition, Torrence filed a motion seeking

a stay and abeyance pending exhaustion of his parole eligibility claim in the state

proceedings. In September 2005, the federal district court denied the motion for a stay and

abeyance without considering the stay-and-abeyance procedure outlined by the Supreme

Court earlier that year in *Rhines v. Weber*, 544 U.S. 269 (2005). *See Torrence v. Ozmint*,

---

[1] Torrence's initial § 2254 petition specified his parole eligibility claim in the following terms:

> GROUND ELEVEN: [The South Carolina DPPPS] violated the Eighth and Fourteenth Amendments of the United States Constitution, by deeming [Torrence] ineligible for parole where the trial court specifically sentenced [Torrence] to life sentences with parole eligibility, [Torrence] had an expectation in the finality of those sentences, and the state waived appealing those sentences at direct or collateral proceedings.

> SUPPORTING FACTS: The trial judge, fully cognizant of sentencing and parole laws, specifically sentenced [Torrence], in oral pronouncement and written record, to life sentences with parole eligibility. After [Torrence] served 17 years, 12 years after sentencing, in which [Torrence] developed an expectation of finality in those sentences, [the South Carolina DPPPS] removed [Torrence's] parole eligibility in violation of the Eighth Amendment's Cruel and Unusual Punishment Clause and the Fourteenth Amendment's Due Process Clause.

*See Torrence v. Ozmint*, No. 3:05-cv-0893 (D.S.C. Mar. 23, 2005), ECF No. 1.

3

No. 3:05-cv-0893 (D.S.C. Sept. 16, 2005), ECF No. 18.  Consequently, in January 2006, Torrence voluntarily dismissed the parole eligibility claim from his § 2254 petition.[2]

Torrence's parole eligibility claim remained pending in the South Carolina courts from 2005 until May 2018.  At that time, the Supreme Court of South Carolina issued the remittitur denying relief on the parole eligibility claim, which exhausted the available state court processes for seeking relief thereon.  In November 2019, Torrence — proceeding pro se — filed the motion which we address today, requesting authorization from this Court under 28 U.S.C. § 2244(b) to file a second or successive § 2254 petition that would present the exhausted parole eligibility claim in the district court.  We appointed counsel for Torrence in these proceedings, in which we must decide whether the proposed second-in-time § 2254 petition is in fact "second or successive" under § 2244(b)(3).

II.

Although Torrence seeks authorization from this Court to file his second-in-time 28 U.S.C. § 2254 petition in the district court, his counsel argues the proposition that Torrence does not need such authorization because the proposed § 2254 petition is not "second or successive" within the meaning of 28 U.S.C. § 2244(b)(3).  More specifically,

---

[2] In March 2008, the district court denied Torrence's initial § 2254 petition — sans the parole eligibility claim — on the merits.  *See Torrence v. Ozmint*, No. 3:05-cv-0893 (D.S.C. Mar. 5, 2008), ECF No. 36.  In December 2008, this Court denied a certificate of appealability and rejected Torrence's effort to appeal.  *See Torrence v. Ozmint*, 305 F. App'x 55 (4th Cir. 2008).  Thereafter, in October 2009, the Supreme Court denied Torrence's petition for a writ of certiorari.  *See Torrence v. Ozmint*, 558 U.S. 953 (2009).

4

the contention presented here is that Torrence's § 2254 petition is not "second or successive" because it does not constitute an abuse of the writ. As explained below, we agree and deny Torrence's § 2244(b) motion as unnecessary.

A.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner cannot initiate a "second or successive" § 2254 petition for federal habeas corpus relief without authorization from the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(3). If, however, "the court of appeals determines that a habeas petition is not second or successive, then authorization to file is unnecessary and the court of appeals generally will return the petition to the district court." *In re Gray*, 850 F.3d 139, 140 (4th Cir. 2017).

Although Congress did not define the phrase "second or successive" in § 2244(b)(3), "it does not simply refer to all habeas filings made second or successively in time, following an initial application." *See Banister v. Davis*, 140 S. Ct. 1698, 1705 (2020) (internal quotation marks omitted). For example, in *Stewart v. Martinez-Villareal*, the Supreme Court treated a second petition as part of a first petition where it was premised on a newly ripened claim that had been dismissed from the first petition "as premature." *See* 523 U.S. 637, 643 (1998). And, in *Slack v. McDaniel*, the Court declined to apply § 2244(b) to a second petition where the district court dismissed the first petition for lack of exhaustion. *See* 529 U.S. 473, 478 (2000). As we have recognized, "[b]oth *Martinez-Villareal* and *Slack* are predicated on the idea that the claim asserted was genuinely part of

5

the prisoner's initial petition and was therefore entitled to an adjudication." *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000).

To decide what qualifies as second or successive, we must ask "whether a type of later-in-time filing would have constituted an abuse of the writ, as that concept is explained in [pre-AEDPA] cases." *See Banister*, 140 S. Ct. at 1706 (internal quotation marks omitted). Generally, "new claims raised in subsequent habeas petitions [are] 'abusive' if those claims were available to the petitioner at the time of a prior petition's filing." *See In re Wright*, 826 F.3d 774, 784 (4th Cir. 2016); *see also Burton v. Stewart*, 549 U.S. 147 (2007) (deeming § 2254 petition to be second or successive where petitioner failed to raise his then-unexhausted claim in his first petition). In considering abuse-of-the-writ principles, we must be mindful of AEDPA's purposes, which are to "conserve judicial resources, reduc[e] piecemeal litigation, and lend[ ] finality to state court judgments within a reasonable time." *See Banister*, 140 S. Ct. at 1706 (internal quotation marks omitted).

Of particular relevance to Torrence's second-in-time § 2254 petition, the Supreme Court has imposed a requirement of "total exhaustion" before a district court can hear a petitioner's claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). Because of the obstacles created by so-called mixed petitions[3] and the strict limitations period under AEDPA, the Court recognized in *Rhines v. Weber* that district courts possess the authority to grant stay-and-abeyance relief to petitioners. *See* 544 U.S. 269 (2005). As Justice O'Connor

---

[3] A "mixed petition" is one that contains both exhausted and unexhausted habeas corpus claims.

explained, rather than dismiss a mixed petition, "a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id.* at 275-76. This stay-and-abeyance procedure avoids the expiration of the limitations period on a petitioner's exhausted claims while he or she pursues exhaustion of the unexhausted claims. *Id.* Otherwise, the petitioner would risk losing "any federal review" of his or her claims. *Id.*

Importantly, the *Rhines* Court emphasized that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *See* 544 U.S. at 278. In such cases, "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.* Thus, "the district court should stay, rather than dismiss, the mixed petition." *Id.*

B.

In these proceedings, Torrence's parole eligibility claim did not ripen until the South Carolina DPPPS changed his parole eligibility status in June 2004, approximately two months after his original state postconviction proceedings became final. Accordingly, Torrence could not exhaust the parole eligibility claim before filing his initial § 2254 petition in March 2005. Nevertheless, Torrence included the parole eligibility claim in his initial § 2254 petition and explained therein that he was simultaneously pursuing

7

exhaustion of that claim in the South Carolina courts. In order to have all his federal habeas corpus claims decided at once and to avoid running afoul of AEDPA's limitations period on the exhausted claims, Torrence moved in the district court for a stay and abeyance of his § 2254 petition pending exhaustion of the parole eligibility claim in the ongoing state proceedings. The district court, however, denied Torrence's motion for a stay and abeyance without recognizing or assessing the stay-and-abeyance procedure specified by the Supreme Court in *Rhines*. The *Rhines* decision was issued in March 2005, six months prior to the district court's denial of Torrence's motion for a stay and abeyance.

Because the district court denied his request for a stay and abeyance, Torrence maintains that he had no choice but to dismiss his unexhausted parole eligibility claim and proceed in the district court with his exhausted claims. Otherwise, the statute of limitations would have expired as to his exhausted claims. Torrence thus faced the very problem that the *Rhines* Court wished to avoid — "the risk of forever losing [an] opportunity for any federal review of [] unexhausted claims" because of AEDPA's limitations period. *See* 544 U.S. at 275. In such cases, "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.* at 278.

Torrence diligently attempted to avoid piecemeal litigation by including all of his claims in his first § 2254 petition and moving for a stay and abeyance. In these circumstances — where the parole eligibility claim did not ripen until 2004, the claim may be meritorious, and it was promptly included in the initial § 2254 petition — the district court likely erred in denying the stay-and-abeyance motion. Accordingly, we are satisfied

8

that Torrence has not abused the writ and that his second-in-time petition is not "second or successive" within the meaning of § 2244(b)(3). *Cf. Martinez-Villareal*, 523 U.S. at 644 ("[N]one of our cases . . . have ever suggested that a prisoner whose habeas petition was dismissed for failure to exhaust state remedies, and who then did exhaust those remedies and returned to federal court, was by such action filing a successive petition."). Torrence therefore does not need this Court's authorization to file the § 2254 petition, and his § 2244(b) motion is unnecessary.

## III.

Pursuant to the foregoing, Torrence's motion for leave to file a second or successive 28 U.S.C. § 2254 petition is denied as unnecessary.

*MOTION DENIED*
*AS UNNECESSARY*